J-S28038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS GENE MOOSE, JR. | |
| Appellant | No. 1897 MDA 2014 |

Appeal from the Order Dated October 17, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CR-67-CR-0000798-1988

BEFORE: BOWES, J., ALLEN, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JUNE 08, 2015**

Carlos Gene Moose, Jr., appeals from the order entered on October 17, 2014, in the Court of Common Pleas of York County, denying his motion to enforce a negotiated plea agreement and to enjoin any requirement that he register under the Sex Offender Registration and Notification Act ("SORNA"). Upon review, we affirm.

In 1987, Moose assisted his co-defendant in the rape and murder of Judy Ketterman, whom police found dead beneath a railroad bridge along Codorus Creek in York County. Specifically, Moose restrained the victim while his co-defendant raped her, banged her head, and held a knife to her throat.

Following a remand from our Supreme Court,[1] Moose was scheduled for re-trial. On May 9, 1995, Moose pled guilty pursuant to a negotiated plea agreement. In exchange for pleading guilty to third-degree murder,[2] rape,[3] and criminal conspiracy to commit rape,[4] Moose received an aggregate sentence of 15 to 30 years' incarceration.

At the time of Moose's plea, Pennsylvania had not yet enacted Megan's Law legislation. On December 20, 2012, Pennsylvania's Sex Offender Registration and Notification Act (SORNA)[5] went into effect, requiring lifetime registration.

On August 13, 2014, Moose filed a motion to enforce the negotiated plea agreement and enjoin any requirement that he register under SORNA. The trial court denied Moose's motion on October 17, 2014, and this timely appeal followed.

On appeal, Moose argues that his forced compliance with the registration requirement of SORNA violates due process of law, fundamental

---

[1] The Pennsylvania Supreme Court reversed Moose's conviction in 1992 on the grounds of prosecutorial misconduct. **See Commonwealth v. Moose**, 602 A.2d 1265 (Pa. 1992).

[2] 18 Pa.C.S. § 2502(c).

[3] 42 Pa.C.S. § 9799.13.

[4] 18 Pa.C.S. §903(3121).

[5] 42 Pa.C.S. §§ 9799.10–9799.41 (also known as Megan's Law IV).

fairness, and the negotiated plea agreement he entered with the Commonwealth. In support of his argument, Moose relies on **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa. Super. 2013) (*en banc*). We find Moose's reliance misplaced.

In **Hainesworth**, the defendant entered a negotiated guilty plea to statutory sexual assault, indecent assault and criminal use of a communication facility. None of these convictions required registration under the then-prevailing version of Megan's Law.[6] Moreover, as part of the guilty plea agreement, the Commonwealth withdrew another charge (aggravated indecent assault) that would have imposed a registration requirement. During the guilty plea hearing, the Commonwealth repeatedly assured the defendant that his guilty plea did not obligate him to register as a sex offender. Three years later, one week before SORNA took effect, the defendant filed a motion seeking to terminate supervision by the probation department. The trial court denied the petition to terminate supervision but held that application of SORNA's registration requirements to the defendant violated due process. The Commonwealth appealed the trial court's order, and we affirmed, reasoning: "The parties to this appeal entered into a plea bargain that contained a negotiated term that Hainesworth did not have to

---

[6] 42 Pa.C.S. § 9791.

register as a sex offender. As such, it was not error for the trial court to order specific enforcement of that bargain." *Id.* at 450.

Here, it is undisputed that Moose entered into a negotiated plea agreement with the Commonwealth. However, there is a significant difference between the case *sub judice* and ***Hainesworth***. When Moose pled guilty, sexual offender registration did not exist and therefore could not possibly have been a consideration for the plea agreement. ***Hainesworth*** and its progeny require that registration be a negotiated term of the plea, either expressly or implied. Accordingly, we decline to apply the reasoning of ***Hainesworth*** to the instant matter.

In determining whether Moose is subject to the registration requirement of SORNA, we find the recent case of ***Commonwealth v. Perez***, 97 A.3d 747, 760 (Pa. Super. 2014), to be dispositive.

In ***Perez***, this court held that the retroactive application of SORNA does not violate the Ex Post Facto Clauses of both the Pennsylvania and United States Constitutions. *Id.* at 760. Therefore, the retroactive application of SORNA is permissible.

Instantly, Moose is still serving his sentence for the rape conviction. Under the current version of Megan's Law, rape constitutes a Tier III offense and requires life-long registration. Accordingly, Moose is required to register.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/8/2015